UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. CALVERT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:13-cv-00274 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| SONNY WEATHERFORD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

The plaintiff, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Sonny Weatherford, Sumner County Sheriff; Keith Bean, Internal Affairs; Sonya Troutt, Jail Administrator; and Trent Cauldwell, Correctional Officer, seeking monetary damages for the alleged violations of the plaintiff's constitutional rights.

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.     PLRA Screening of the Complaint**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable

1

basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

**II.    Allegations**

While incarcerated at the Sumner County Jail, the plaintiff was being escorted by Officer Trent Cauldwell to the yard for recreation. Before they arrived at the yard, they stopped at the "dress out" room so that the plaintiff could get another shirt.

As the plaintiff was changing shirts, Officer Cauldwell told the plaintiff "to turn around and 'let him see.'" (Docket No. 1 at p. 4). He began to stare at the plaintiff in what plaintiff believed to be a sexually suggestive manner. According to the complaint, Officer Cauldwell make "sexual grunting sounds such as moaning and groaning." (*Id.*) While he was placing the plaintiff in restraints, Officer Cauldwell looked at the plaintiff's crotch and bit his lip "sexually." (*Id.*) He was sweating "profusely" and "breathing hard." (*Id.*) The plaintiff felt uncomfortable and reported Officer Cauldwell for sexual harassment to Sonya Troutt.

Jail administrators investigated the allegations and determined that the plaintiff's claim of sexual harassment was unfounded. The plaintiff believes that Officer Cauldwell violated the plaintiff's constitutional rights, as well as the supervisory personnel at the jail who did not punish

Officer Cauldwell. The plaintiff believes that he was transferred from the Sumner County Jail to his current place of confinement as retaliation for filing a lawsuit related to his complaints about Officer Cauldwell. (*Id*. at pp. 5, 11).

### III. Legal Standard

The plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### IV. Analysis

Although the plaintiff alleges the Officer Cauldwell's conduct made the plaintiff feel uncomfortable, the plaintiff does not allege that Officer Cauldwell ever touched him or had any kind of physical contact with him. It is well settled that mere words, no matter how offensive, threatening or insulting, do not rise to the level of a constitutional violation. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)(*per curiam*); *McFadden v. Lucas,* 713 F.2d 143, 147 (5th Cir. 1983). Acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment. *See White v. Brown*, 2007 WL 5253981, at *2 (W.D. Mich. Dec. 10, 2007)(citing a number of Sixth Circuit cases in which courts rejected sexual harassment claims by prisoners even when, in some instances, unwelcome physical contact occurred). Furthermore, there are no

3

allegations that Officer Cauldwell threatened the plaintiff with punitive action for rejecting his alleged advances. As a consequence, the plaintiff has failed to allege conduct in violation of federal law by any defendant with regard to a sexual harassment claim under § 1983.

Next, the plaintiff asserts that defendants Weatherford, Troutt, and Bean failed to investigate the plaintiff's claim of sexual harassment and failed to punish Officer Cauldwell for his conduct towards the plaintiff. However, the materials submitted by the plaintiff in support of his complaint belie the plaintiff's assertion. The plaintiff's grievances from December 2012 and the timely responses to those grievances indicate that defendant Troutt received the plaintiff's grievance and submitted it to internal affairs for investigation. Defendant Bean then investigated the plaintiff's allegations and determined that the allegations were unfounded. (Docket No. 1 at pp. 11-13).

Although the plaintiff may feel that his allegations were not taken seriously or handled exactly as he would desired, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's assertions do not state a claim upon which relief can be granted.

As to the plaintiff's claim that the defendants retaliated against him for filing a lawsuit by transferring him from the Sumner County Jail to his current place of confinement, inmates have no constitutional right to be confined in any particular prison. *Olim v. Wakinekona*, 461 U.S. 238

4

(1983); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)(superseded by statute on other grounds); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Moreover, the plaintiff's general allegations of retaliation are conclusory; they fail to show that a causal relationship exists between the plaintiff's protected conduct and the alleged retaliation. *See Proctor v. Applegate*, 661 F. Supp.2d 743, 772 (E.D. Mich. 2009). Thus, the plaintiff's retaliation claim fails.

**V.     Conclusion**

For these reasons, the court finds that the allegations in the complaint fail to state claims upon which relief can be granted. 28 U.S.C. § 1915A. Accordingly, all claims will be dismissed with prejudice.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge